IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BNSF RAILWAY COMPANY, | ) | 4:05CV3084 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | |
| EPCO CARBONDIOXIDE PRODUCTS, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

On June 20, 2005, the court entered a memorandum and order granting Defendant's motion for judgment on the pleadings and dismissing Plaintiff's second, third, and fourth claims for relief (based on theories of express contract, implied contract, and quantum meruit). Plaintiff was granted leave to amend as to each dismissed claim, however, and was also directed to show cause why its first claim for relief ("filed rate doctrine") should not be dismissed for lack of jurisdiction.

On July 8, 2005, Plaintiff filed an amended complaint and a brief in response to the show cause order. Defendant has not filed an opposing brief, but has filed an answer to the amended complaint admitting that the court has jurisdiction under 28 U.S.C. § 1331, 1332, and 1337.

Plaintiff alleges in the amended complaint that it is owed $83,000 for demurrage charges, private rail storage charges, switching fees, and past-due finance charges or interest fees under its applicable common carriage rates, books, rules and regulations. Diversity of citizenship is also alleged.

Because it now appears from the pleadings that the court has subject matter jurisdiction under 28 U.S.C. § 1332, there is no need to consider the issue that was raised sua sponte in the court's June 20th memorandum and order, namely, whether deregulation of the railroad industry has affected the court's subject matter jurisdiction under sections 1331 and 1337. Plaintiff's detailed response regarding that issue is very much appreciated, however.

August 29, 2005.					BY THE COURT:

						s/ *Richard G. Kopf*
						United States District Judge